UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TIMOTHY J. McDONALD, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14CV1468 SNLJ |
| | ) | |
| GEICO GENERAL INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on cross-motions for summary judgment seeking a determination as to whether plaintiff is entitled to underinsured motorist coverage under his insurance policy with defendant. The motions are fully briefed and the matter is ripe for disposition. For the following reasons, the Court will grant defendant's motion and deny plaintiff's motion.

## I.  Background

Plaintiff Timothy McDonald was injured while operating his 1986 Honda motorcycle on July 19, 2013 when a vehicle operated by Heather Kraml made a left turn in front of him causing a collision. Following the accident, plaintiff received $50,000 from Kraml's liability insurer, which was the full limit of liability coverage available under her policy. Additionally, he received $100,000 in underinsured motorist (UIM) coverage from a Progressive policy covering his motorcycle. Plaintiff made a claim for UIM benefits under his GEICO General Insurance Company policy covering two motor

vehicles that he owned. GEICO denied his claim. Plaintiff then filed this action in state court alleging breach of contract and seeking $100,000 in UIM benefits under the GEICO policy. Defendant removed the matter to this Court based on diversity jurisdiction.

The parties have filed cross-motions for summary judgment as to the UIM coverage in the GEICO policy. Defendant argues that plaintiff is not entitled to UIM coverage because Kraml's vehicle does not meet the definition of "***underinsured motor vehicle***" in the GEICO policy. Defendant further argues that an exclusion in the policy as to an owned but not insured vehicle[1] precludes UIM coverage. Plaintiff contends that an ambiguity regarding the UIM limits in the GEICO policy allows for stacking and, when the two UIM limits in the policy are stacked, the UIM coverage is triggered and he is entitled to $100,000 in UIM benefits. Plaintiff further argues that, based on the definition of "***owned auto***" in the GEICO policy, the owned but not insured vehicle exclusion is not applicable.

## II. Summary Judgment Standard

Because this is a diversity case, the Court applies state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *see also Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex*

---

[1] The exclusion is not titled in the policy. The Court has chosen to refer to the exclusion as the "owned but not insured vehicle" exclusion for purposes of this memorandum and order.

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir.1988). "Where parties file cross-motions for summary judgment, each summary judgment motion must be evaluated independently to determine whether a genuine issue of material fact exists and whether the movant is entitled to judgment as a matter of law." *Jaudes v. Progressive Preferred Ins. Co.*, 11 F.Supp.3d 943, 947 (E.D. Mo. 2014) (citing *Husinga v. Federal–Mogul Ignition Co.,* 519 F.Supp.2d 929, 942 (S.D. Iowa 2007)). Because "the interpretation and construction of insurance policies is a matter of law, . . . such cases are particularly amenable to summary judgment." *John Deere Ins. Co. v. Shamrock Indus., Inc.*, 929 F.2d 413, 417 (8th Cir. 1991).

**III.     Facts**

The material facts are not in dispute. On July 19, 2013, plaintiff Timothy J. McDonald was driving a 1986 Honda motorcycle, which he owned. As plaintiff approached the intersection of North Outer Road of Interstate 70 and Cannonball Lane, in O'Fallon, Missouri, a vehicle operated by Heather Kraml made a left turn in front of plaintiff, causing a collision. Plaintiff's damages from the collision exceed the sum of $250,000.

Following the accident, Kraml's liability insurer, Shelter Mutual Insurance Company, paid plaintiff $50,000 in settlement funds, the full limit of liability coverage available under Kraml's policy. Additionally, plaintiff received $100,000 in settlement funds from his UIM coverage under his Progressive insurance policy, which covered the

3

Honda motorcycle that he was operating at the time of the accident. The $100,000 payment represented the per person limit of UIM coverage available under that policy.

At the time of the accident, plaintiff was a named insured on a GEICO automobile insurance policy issued on two motor vehicles he owned that were not involved in the accident. The Honda motorcycle that plaintiff was operating at the time of the accident is not described on the declarations pages of the GEICO policy. Subject to certain provisions, conditions, and exclusions, the GEICO policy provides UIM coverage in the amount of $50,000 per person. The GEICO policy contains the following relevant UIM provisions:

> **Automobile Policy Amendment**
> **Underinsured Motorist Coverage**
> **Missouri**
>
> *Your* policy is amended to provide Underinsured Motorist Coverage subject to the following:
>
> **DEFINITIONS**
> The definitions of terms in Section I – Liability Coverages, of *your* policy apply to this coverage except for the following special definitions:
> **\*\*\***
> **2.** *Insured auto* is an auto:
>    (a) Described in the declarations and covered by the bodily injury liability coverage of this policy.
>    (b) Of the ***private passenger, farm*** or ***utility auto*** type, ownership of which *you* acquire during the policy period, if (i) it replaces an ***owned auto***; or (ii) we insure all ***private passenger, farm*** and ***utility autos*** owned by *you* on the date of the acquisition, and *you* ask us to add it to the policy no more than 30 days later.
>    (c) Temporarily substituted for an ***insured auto*** when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction.
>    (d) Operated by *you* or *your* spouse if a resident of the same household.
>
>   **\*\*\***

**3.** *Occupying* means in, upon, entering into or alighting from.
***
**5.** *Underinsured Motor Vehicle* means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage.
***

**LOSSES WE PAY**
We will also pay damages the *insured* is legally entitled to recover for *bodily injury* caused by an accident and arising out of the ownership, maintenance, or use of an *underinsured motor vehicle*. However, we will not pay until the total of all bodily injury liability insurance available has been exhausted by payment of judgments or settlements.

**EXCLUSIONS**
***
**5.** *Bodily injury* to an *insured* while *occupying* or through being struck by any motor vehicle owned by the *insured* or a *relative* that is not described in the declarations, or which is described in the declarations but Underinsured Motorist Coverage is not carried, is not covered.
***

**LIMIT OF LIABILITY**
Regardless of the number of:
    (a) *Insured autos* involved in the accident;
    (b) Persons covered;
    (c) Claims made;
    (d) Vehicles or premiums shown in the declarations; or
    (e) Premiums paid:
**1.** The limit of liability for Underinsured Motorist Coverage stated in the declarations as application to "each person" is the limit of our liability for all damages . . . due to *bodily injury* sustained by one person as the result of one accident.
***
**4.** In no event will we pay more than the limits shown in the declaration for this coverage. If separate policies with us are in effect for *you* or any person in *your* household, they may not be combined to increase the limit of liability for a loss.

In the instant action, plaintiff seeks a total of $100,000 in UIM benefits under the GEICO policy.

## IV. Discussion

Missouri law governs the interpretation of the insurance policy in this diversity case. *St. Paul Fire & Marine Ins. Co. v. Missouri United Sch. Ins. Council*, 98 F.3d 343, 345 (8th Cir. 1996). Under Missouri law, "the interpretation of an insurance contract is generally a question of law, particularly in reference to the question of coverage." *D.R. Sherry Const., Ltd. v. American Family Mut. Ins. Co.*, 316 S.W.3d 899, 902 (Mo. banc 2010). "In construing the terms of an insurance policy, this Court applies the meaning which would be attached by an ordinary person of average understanding if purchasing insurance, and resolves ambiguities in favor of the insured." *Seeck v. Geico General Ins. Co.*, 212 S.W.3d 129, 132 (Mo. banc 2007) (internal quotation marks and citation omitted).

The key is whether the policy language is ambiguous or unambiguous. "[W]here insurance policies are unambiguous, they will be enforced as written absent a statute or public policy requiring coverage." *Rodriguez v. General Acc. Ins. Co. of America*, 808 S.W.2d 379, 382 (Mo. banc 1991). "An ambiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy. Language is ambiguous if it is reasonably open to different conclusions." *Seeck*, 212 S.W.3d at 132. Courts should not interpret policy provisions in isolation but rather evaluate policies as a whole. *Id.* at 133. If an "insurance clause appears to provide coverage but other clauses indicate that such coverage is not provided, then the policy is ambiguous, and the ambiguity will be resolved in favor of coverage for the insured." *Id.* at 134.

The parties seek judgment regarding the UIM coverage in the GEICO policy. For defendant's motion, it claims that plaintiff is not entitled to UIM coverage for two reasons. First, defendant contends that Kraml's vehicle does not meet the definition of "***underinsured motor vehicle***" in the GEICO policy because her vehicle's $50,000 liability limit is not "less than" the GEICO policy's $50,000 UIM limit. Second, defendant contends that an exclusion for an owned but not insured vehicle precludes UIM coverage because the Honda motorcycle owned by plaintiff was not insured under the GEICO policy. For plaintiff's motion, he claims that he is entitled to $100,000 in stacked UIM benefits under the GEICO policy. Plaintiff argues there is an ambiguity in the GEICO policy which allows stacking of the two UIM limits of $50,000 to create a combined UIM limit of $100,000. Once the UIM limits are stacked, Kraml's vehicle meets the definition of "***underinsured motor vehicle***" and plaintiff claims he is entitled to $100,000 in UIM coverage. Plaintiff maintains the owned but not insured vehicle exclusion does not apply because his motorcycle is not an "***owned auto***" as defined in the GEICO policy. The issues before this Court are questions of law and summary judgment is the proper remedy for resolving the dispute between these parties.

    A.    **UIM Coverage**

Under the terms of the GEICO policy, UIM coverage is afforded only to a person legally entitled to damages from the owner or operator of an "***underinsured motor vehicle***." The policy defines "***underinsured motor vehicle***" as "a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this

7

coverage." Here, Kraml's $50,000 per person liability limit under her Shelter policy is equal to, not less than, the GEICO policy's $50,000 per person UIM limit. As a result, defendant claims there is no underinsured motorist coverage because the UIM provisions of the GEICO policy have not been triggered.

Plaintiff argues, however, that the UIM limit for the two vehicles he has insured under the GEICO policy should be stacked resulting in $100,000 UIM coverage. Kraml's liability limit would be less than the stacked coverage and would trigger the UIM provisions of the GEICO policy entitling plaintiff to $100,000 in UIM benefits. Plaintiff contends that stacking is required because the policy is ambiguous on the issue of stacking the UIM coverage.

"'Stacking' refers to an insured's ability to obtain multiple insurance coverage benefits for an injury either from more than one policy, as where the insured has two or more separate vehicles under separate policies, or from multiple coverages provided for within a single policy, as when an insured has one policy which covers more than one vehicle.'" *Jaudes*, 11 F.Supp.3d at 949 (quoting *Ritchie v. Allied Prop. & Cas. Ins. Co.,* 307 S.W.3d 132, 135 (Mo. banc 2009)). "Because Missouri statutes do not mandate underinsured motorist coverage, whether underinsured motorist coverage limits may be stacked is determined by the language of the contract." *Id.*

Plaintiff contends that there is an ambiguity, or a conflict, in the limit of liability clause and the other insurance clause as to whether the UIM limits may be stacked. Specifically, the other insurance clause provides:

**OTHER INSURANCE**
If an *insured* sustains *bodily injury* while occupying a vehicle not owned by *insured* or a *relative* and which is not described in the declarations of this policy, this insurance applies:
> (a) As excess to any underinsured motor vehicle coverage which applies to the vehicle as primary coverage; but
> (b) Only in the amount by which it exceeds the primary coverage.

Plaintiff claims that language conflicts with the limit of liability clause, which states:

**LIMIT OF LIABILITY**
\*\*\*
**4.** In no event will we pay more than the limits shown in the declaration for this coverage. If separate policies with us are in effect for *you* or any person in *your* household, they may not be combined to increase the limit of liability for a loss.

Plaintiff maintains that although the limit of liability clause precludes stacking, the other insurance clause allows stacking. Plaintiff argues that this ambiguity allows stacking of the $50,000 UIM coverage for the two vehicles insured under the GEICO policy resulting in $100,000 UIM coverage.

Plaintiff relies on *Manner v. Schiermeier* and *Ritchie v. Allied Prop. & Cas. Ins. Co.* in support of his argument that the limit of liability and other insurance clauses, when read together, create an ambiguity as to stacking. In *Manner* and *Ritchie*, the courts found an ambiguity based on similar "other insurance" clauses. *Manner v. Schiermeier*, 393 S.W.3d 58, 64 (Mo. banc 2013); *Ritchie v. Allied Prop. & Cas. Ins. Co.*, 307 S.W.3d 132, 138 (Mo. banc 2009). Those cases, however, involved an insured occupying a *non-owned* vehicle at the time of the accident. In *Manner*, the court found that when the limits of liability clause precluding stacking was read together with the other insurance

clause, "an ordinary person of average understanding reasonably could conclude that the other insurance clause set out an exception to [the] anti-stacking provision in the *special situation where the insured is injured while occupying a non-owned vehicle*." *Manner*, 393 S.W.3d at 65 (internal quotation marks and citation omitted) (emphasis added). The court held that this made the insurance policy ambiguous as to whether stacking was permitted and, therefore, permitted the insured to stack the coverages. *Id.* Similarly, in *Ritchie*, the court held "that the policy's anti-stacking provisions, which might normally and otherwise apply, *do not apply in the special situation where the insured is injured while occupying a non-owned vehicle*." *Ritchie*, 307 S.W.3d at 137-38 (citation omitted) (emphasis added). The *Ritchie* court also held that the interplay between the limit of liability provision and the other insurance provision created an ambiguity. *Id.* at 138.

Here, however, there is no conflict or ambiguity because the plaintiff was operating a vehicle he owned but did not insure under the GEICO policy and the other insurance clause applies when the insured is occupying a *non-owned vehicle*. Otherwise, the policy contains clear anti-stacking language as to the UIM coverage. Specifically, the policy states:

> **LIMIT OF LIABILITY**
> Regardless of the number of:
>     (a) ***Insured autos*** involved in the accident;
>     (b) Persons covered;
>     (c) Claims made;
>     (d) Vehicles or premiums shown in the declarations; or
>     (e) Premiums paid:
> **1.**     The limit of liability for Underinsured Motorist Coverage stated in the declarations as application to "each person" is the limit of our liability for all damages . . . due to ***bodily injury*** sustained by one person as the result of one accident.

\*\*\*

> **4.** In no event will we pay more than the limits shown in the declaration for this coverage. If separate policies with us are in effect for *you* or any person in *your* household, they may not be combined to increase the limit of liability for a loss.

As a result, without stacking, Kraml's vehicle does not meet the definition of "***underinsured motor vehicle***" and the UIM coverage is not triggered. In an equal limits scenario such as the instant case, there simply is no underinsurance. *See Rodriguez*, 808 S.W.2d at 382 (concluding that driver of a vehicle with liability limits equal to those in the policy providing UIM coverage to the insured was not an underinsured motorist); *Owners Ins. Co. v. Hughes*, 712 F.3d 392, 396 (8th Cir. 2013) (holding that driver's vehicle was not an underinsured automobile within meaning of insured's UIM coverage because the driver's liability insurance was equal to, and not less than, the insured's UIM coverage); *Jaudes*, 11 F.Supp.3d at 952, 959 (holding that vehicle with which insured collided was not an underinsured motor vehicle where the vehicle's liability policy limit was the same as, and not less than, the insured's UIM coverage).

### B. Exclusion

Moreover, defendant argues there is no UIM coverage because the GEICO policy contains an exclusion as to an owned but not insured vehicle that unambiguously precludes coverage for plaintiff's claim. "The burden of showing that an exclusion to coverage applies is on the insurer." *Manner v. Schiermeier*, 393 S.W.3d 58, 62 (Mo. banc 2013) (citing *Burns v. Smith*, 303 S.W.3d 505, 510 (Mo. banc 2010) ("Missouri also *strictly* construes exclusionary clauses against the drafter, who also bears the burden of showing the exclusion applies") (emphasis in original)). An owned vehicle exclusion is

12

valid and enforceable in the UIM context. *See Bush v. Shelter Mut. Ins. So.*, 412 S.W.3d 336 (Mo. App. W.D. 2013) (holding owned vehicle exclusion of UIM endorsement precluded coverage).

The GEICO policy states: "***Bodily injury*** to an ***insured*** while ***occupying*** or through being struck by any motor vehicle owned by the ***insured*** or a ***relative*** that is not described in the declarations, or which is described in the declarations but Underinsured Motorist Coverage is not carried, is not covered." It is undisputed that plaintiff owned the Honda motorcycle he was operating at the time of the accident. It is also undisputed that the Honda motorcycle was insured under plaintiff's Progressive policy but not the GEICO policy.

The parties disagree over the meaning of "owned" as used in the exclusion. Defendant insists that the language "any motor vehicle owned by the insured . . . that is not described in the declarations" is unambiguous and applies to the Honda motorcycle that plaintiff (the insured) owned but did not insure under the GEICO policy (not described in the declarations). Plaintiff argues that the definition of "***owned auto***" in Section 1, Liability Coverages, of the policy should be applied and that, under that definition, the motorcycle was not an ***owned auto***. Specifically, the policy states:

> ***Owned auto*** means**:**
> (a) A vehicle described in this policy for which a premium charge is shown for these coverages;[2]
> (b) A ***trailer*** owned by ***you****;*
> (c) A ***private passenger***, ***farm***, or ***utility auto****,* ownership of which *you* acquire

---
[2] The Honda motorcycle is not an "***owned auto***" under this definition and, therefore, is not an "***owned auto***" as that term is used in the policy. However, the term "***owned auto***" is not used in the exclusion at issue.

13

>>during the policy period or for which *you* enter into a lease during the policy period for a term of six months or more, if:
>>>(i) It replaces an *owned auto* as defined in (a) above; or
>>>(ii) We insure all *private passenger*, *farm* or *utility autos* owned or leased by *you* on the date of acquisition, and *you* ask us to add it to the policy no more than 30 days later;
>>(d) A *temporary substitute auto*.

Further, plaintiff argues that if the definition of "*owned auto*" does not apply to the exclusion, then there are multiple meanings of the term "owned" creating an ambiguity.

In response, defendant points out that "*owned auto*" is not used in the exclusion and, therefore, is not relevant to a determination of the application of the exclusion. It is clear in the policy that defined terms such as "*owned auto*" are emphasized by bold and italicized font throughout the policy to signal the use of defined terms. The phrase "*owned auto*" does not appear in the exclusion as to an owned but not insured vehicle. In addition to the fact that the term is not included within the exclusion, it is clear from the context of the exclusion that the term is not relevant to the exclusion.

Because the term "owned" in the exclusion is not defined, this Court applies the meaning which would be attached by an ordinary person of average understanding if purchasing insurance. The Court agrees with defendant that the language "any motor vehicle owned by the insured . . . that is not described in the declarations" is unambiguous and applies to the Honda motorcycle that plaintiff owned but did not insure under the GEICO policy. The Court does not find any ambiguity based on the definition of "*owned auto*" as used in other sections of the GEICO policy and the clear meaning of the word owned in the exclusion. As such, the Court finds that the exclusion for an owned but not insured vehicle precludes UIM coverage.

## V. Conclusion

Based on the undisputed facts and the unambiguous language of the GEICO policy, the vehicle with which plaintiff collided was not an "***underinsured motor vehicle***" as that term is defined in the GEICO policy and UIM coverage is not triggered. Further, the unambiguous exclusion in the GEICO policy as to an owned but not insured vehicle precludes UIM coverage. As a result, defendant is entitled to judgment as a matter of law. For these same reasons, plaintiff is not entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that defendant GEICO General Insurance Company's Motion for Summary Judgment (ECF #15) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff Timothy J. McDonald's Cross-Motion for Summary Judgment (ECF #25) is **DENIED.**

**IT IS FINALLY ORDERED** that judgment is entered in favor of defendant GEICO General Insurance Company. A separate Judgment will accompany this Memorandum and Order.

Dated this 16th day of July, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE